Leslie **AVEOGANNA**, Appellant,

v.

**STATE of Alaska**, Appellee.

No. A–2305.

Court of Appeals of Alaska.

July 1, 1988.

Charles R. Pengilly, Asst. Public Defender, Fairbanks, and Dana Fabe, Public Defender, Anchorage, for appellant.

Robert D. Bacon, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

Leslie Aveoganna pled no contest and was convicted of one count of attempted sexual abuse of a minor in the first degree, a class A felony. AS 11.41.434(a)(1); AS 11.31.100(a). He received the five-year presumptive sentence. AS 12.55.125(c)(1). Aveoganna appeals, contending that the trial court erred in failing to refer his case to the three-judge panel for sentencing. AS 12.55.165–.175. We affirm.

Aveoganna does not rely on the facts of his particular case. It is therefore unnecessary for us to set out those facts. Rather, Aveoganna argues that, as a matter of law, every case of attempted sexual abuse of a minor in the first degree should be referred to the three-judge panel for sentencing. In Aveoganna's view, manifest injustice invariably arises whenever a five-year presumptive term is imposed in such a case. In order to understand Aveoganna's argument, it is necessary to consider AS 11.31.100 which provides:

> *Attempt.* (a) A person is guilty of an attempt to commit a crime if, with intent to commit a crime, the person engages in conduct which constitutes a substantial step toward the commission of that crime.
>
>  . . . .
>
> (d) An attempt is a
> (1) class A felony if the crime attempted is an unclassified felony;
> (2) class B felony if the crime attempted is a class A felony;
> (3) class C felony if the crime attempted is a class B felony;
> (4) class A misdemeanor if the crime attempted is a class C felony;
> (5) class B misdemeanor if the crime attempted is a class A or a class B misdemeanor.

Aveoganna reasons that the legislature's primary goal in adopting presumptive sentencing was the "elimination of unjustified disparity in sentences and the attainment of reasonable uniformity in sentences." AS 12.55.005. Aveoganna notes that all class A, B, and C felonies within each class have the same maximum and presumptive sentences. In contrast, sexual abuse of a minor and sexual assault in the first degree are subject to a maximum thirty-year penalty and certain presumptive sentences, AS 12.55.125(i), while the other unclassified felonies are subject to maximum sentences of ninety-nine years imprisonment and varying minimum sentences. *See, e.g.*, AS 12.55.125(a), (b).

The current statutory scheme creates a hybrid class of unclassified felonies, sharing some characteristics of class A felonies,

*i.e.,* presumptive sentences, and to a lesser degree, characteristics of the former unclassified felonies. Aveoganna concludes that since the new offenses are more similar to class A felonies than to the other unclassified felonies, the legislature could not have intended to classify attempted sexual abuse of a minor with attempted murder and make both class A felonies. To remedy this legislative oversight, Aveoganna requests automatic referral to the three-judge panel.

In Aveoganna's view, it is manifestly unjust to impose a five-year presumptive term on everyone convicted of attempted sexual abuse of a minor who cannot establish mitigating factors, because exactly the same sentence is imposed upon those convicted of attempted murder and attempted kidnapping. Although Aveoganna's argument is intriguing, it finds no support in either the language or the legislative history of the statutes. Despite Aveoganna's urging, we cannot assume that the legislature's actions constitute an oversight. We therefore decline to hold that those convicted of attempted sexual abuse of a minor in the first degree are automatically entitled to have their cases referred to a three-judge panel for sentencing.

■ We also reject Aveoganna's contention that his offense automatically qualifies under the mitigating factor applicable where "the conduct constituting the offense was among the least serious conduct included in the definition of the offense." AS 12.55.155(d)(9). Aveoganna does not rely on the facts of his case. Rather, he compares his offense, attempted sexual abuse of a minor in the first degree, with other offenses to which the five-year presumptive term is applicable, *i.e.,* attempted murder and attempted kidnapping.

It is clear that Aveoganna has misread the mitigating factor. It compares the defendant's conduct in committing the offense with the conduct of others committing the same offense. It does not compare classes of offenses. *See Juneby v. State,* 641 P.2d 823, 841 (Alaska App.1982), *modified on other grounds,* 665 P.2d 30 (Alaska App.1983) (discussing the compara-

ble aggravating factor for most serious conduct, AS 12.55.155(c)(10)). In order to qualify under the mitigating factor, Aveoganna must establish that his conduct in committing the particular attempted sexual assault in question was among the least serious conduct included in the definition of attempted sexual abuse of a minor in the first degree. The fact that his conduct may have been less serious than typical attempted murders or attempted kidnappings is irrelevant.

The judgment of the superior court is AFFIRMED.